UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAX L. ISRAEL,

           Petitioner,

    v.

C. WOFFORD,

           Respondent.

Case No.  16-cv-02826-PJH

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Re: Dkt. No. 5

    Petitioner, a California prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a resentencing.  The resentencing occurred in Santa Clara County, which is in this district, so venue is proper here.  *See* 28 U.S.C. § 2241(d).  The petition was dismissed with leave to amend and petitioner has filed an amended petition.

**BACKGROUND**

    In 2005 a jury convicted petitioner of carjacking and related counts for using a firearm.  Petitioner was sentenced to 75 years to life in prison consecutive to 10 years.  In 2012, petitioner sought relief in state superior court for resentencing under Proposition 36, the Three Strikes Reform Act.  Petitioner was appointed counsel and was resentenced to 25 years to life in prison consecutive to 13 years and four months.  Petitioner's appeals to the California Court of Appeal and California Supreme Court were denied.

1

2

United States District Court
Northern District of California

**DISCUSSION**

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) there were various sentencing errors resulting in a violation of the Sixth Amendment; and (2) he was denied counsel.  Liberally construed, these claims are sufficient to proceed.

Petitioner also seeks the appointment of counsel.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) provides that in habeas cases, whenever "the court determines that the interests of justice so require", representation may be provided for any financially eligible person.  Petitioner has presented his claims adequately, and they are not particularly complex.  The interests of justice do not require appointment of counsel.

2

**CONCLUSION**

1.      The motion to appoint counsel (Docket No. 5) is **DENIED**.

2.      The clerk shall serve by regular mail a copy of this order and the amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.      Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered.  If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5.      Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

1          **IT IS SO ORDERED.**

2     Dated:  July 27, 2016

3

4                                                    PHYLLIS J. HAMILTON
                                                     United States District Judge

5     \\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_02826_Israel_v_Wofford_(PSP)\16-cv-02826-PJH-osc.docx

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAX L. ISRAEL,

        Plaintiff,

      v.

C. WOFFORD,

        Defendant.

Case No.  16-cv-02826-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 27, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Max L. Israel ID: P-38715
E2-220
1 Kings Way
Avenal, CA 93204

Dated: July 27, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Nichole Peric, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

5