UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAX L. ISRAEL,

    Petitioner,

v.

C. WOFFORD,

    Respondent.

Case No. 16-cv-02826-PJH

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and lodged exhibits with the court, and petitioner filed a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner was convicted in 2005 for carjacking and related counts. Clerk's Transcript ("CT"), Ex. E at 356-61. The trial court found that petitioner had three prior strikes arising from a 1999 Santa Clara County conviction and a 2000 Santa Cruz County conviction. CT, Ex. E at 217-18, 284-85, 414-15. Petitioner was sentenced to 85 years to life. CT, Ex. E at 541, 543. In 2013 petitioner was resentenced for the 2005 conviction due to Proposition 36, which reformed the three strikes law. Reporter's Transcript ("RT") at 36-38. The new sentence was 25 years to life, consecutive to 13 years and four months. *Id.* In this federal habeas petition, petitioner challenges the 2013 resentencing.

**Prior Conviction Enhancement Findings**

**1999 Santa Clara County**

On March 26, 1999, petitioner pled guilty to two counts of first degree burglary and

was sentenced to six years in prison. Answer, Ex. H.

**2000 Santa Cruz County**

On March 3, 2000, petitioner pled guilty to one count of first degree burglary and was sentenced to four years in prison. Answer, Ex. I.

**2005 Santa Clara County**

On April 6, 2005, a jury convicted petitioner of carjacking with a firearm enhancement, vehicle theft with a prior conviction for vehicle theft, and reckless driving while evading an officer. CT, Ex. E at 356-61, 408-09. The trial court found that petitioner had three prior strike convictions, two prior serious felony convictions and four prior prison terms. CT, Ex. E at 414-15. The trial court denied petitioner's motion to dismiss one or more of his prior strike allegations brought in a motion pursuant to *People v. Romero,* 13 Cal. 4th 497 (1996). CT, Ex. E at 417, 541, 543-44. Petitioner was sentenced to 85 years to life. CT, Ex. E at 541, 543. Petitioner's appeals and state and federal habeas petitions regarding this conviction were all denied. Answer, Exs. G, N, L, M; *Israel v. Evans*, No. 09-cv-0650-PJH (N.D. Cal. Feb. 5, 2013).

**2013 Santa Clara County Resentencing**

Petitioner filed a request to be resentenced pursuant to Proposition 36. The trial court found that petitioner was entitled to resentencing on the vehicle-theft count and reckless-driving count, but was not entitled to resentencing on the carjacking count. CT, Ex. A at 210; RT at 11-12. A resentencing hearing was held on July 18, 2013, where petitioner waived his right to counsel and represented himself. CT, Ex. A at 220-28; RT at 26. The trial court resentenced petitioner on the two counts, and the new sentence was 25 years to life, consecutive to 13 years and four months. CT, Ex. A at 229-30; RT at 36-38.

Petitioner appealed, and the California Court of Appeal affirmed the resentencing. *People v. Israel*, No. H039971, 2015 WL 1734307, at *1 (Cal. Ct. App. Apr. 14, 2015). Petitioner did not seek review in the California Supreme Court. Petitioner did file several state habeas petitions in the California Court of Appeal and California Supreme Court

that were all denied.  Answer, Exs. K, J, P, Q.  The underlying facts of the various convictions are not relevant to the claims in this petition.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *see Miller-El v. Cockrell*,  537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *See Miller-El*, 537 U.S.

3

1  at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

2  The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

The standard of review under AEDPA is somewhat different where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim. In such a case, as with all claims in this petition, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). When confronted with such a decision, a federal court should conduct an independent review of the record to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Himes*, 336 F.3d at 853; *Delgado*, 223 F.3d at 982.

**DISCUSSION**

As grounds for federal habeas relief, petitioner asserts that at the resentencing: (1) there were various sentencing errors; and (2) he was denied counsel.

**I.     SENTENCING**

Petitioner asserts that the resentencing violated his rights because he was not allowed to challenge his prior convictions; there were violations of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Descamps v. United States*, 133 S. Ct. 2276 (2013); and the court ignored his "Prop. 8 priors[1]."

---

[1] It appears that petitioner is referring to his prior serious felony convictions that served as five-year enhancements under California Penal Code section 667(a). This is sometimes referred to in state court as a "Prop. 8 prior." *See, e.g., People v. Vera*, 122 Cal. App. 4th 970, 974-75 (2004); RT at 35.

4

**LEGAL STANDARD**

State sentencing courts must be accorded wide latitude in their decisions as to punishment. *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987). Generally, therefore, a federal court may not review a state sentence that is within statutory limits. *See id.* To the extent that a petitioner argues that state law was incorrectly applied, any such claim is denied. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *see also Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993) (federal habeas courts must defer to state courts' interpretations of their own state laws, including state sentencing laws). This court must defer to the state court's interpretation of its own sentencing laws.

**ANALYSIS**

**A.  Challenges to Prior Convictions**

Petitioner argues that during resentencing he was not permitted to challenge his prior convictions from 1999 and 2000.

A petitioner generally may not attack the constitutionality of a prior conviction used to enhance a later sentence. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403-04 (2001) (citation omitted); *see also United States v. Martinez-Martinez*, 295 F.3d 1041, 1043-44 (9th Cir. 2002) (bar against collateral attacks on prior convictions also applies where sentencing court declined to reduce sentence based on circumstances of prior conviction). The only exception to the rule barring challenges to prior convictions used to

enhance current sentences is that a petitioner may challenge a prior conviction on the ground that there was a failure to appoint counsel in that case in violation of the Sixth Amendment. *Coss*, 532 U.S. at 404.

Petitioner is unable to challenge these prior convictions, and the denial of this claim by the state court was not unreasonable. There are no allegations that petitioner was denied counsel in 1999 or 2000 when he pled guilty to these charges.[2] His claim that he was denied counsel during the 2013 resentencing will be addressed below. To the extent petitioner argues that the resentencing court denied him an opportunity to bring new *Romero* motions, his claim is denied. Petitioner's *Romero* motions were denied at the original sentencing in 2005. He identifies no law that would allow for new *Romero* motions, and the California Court of Appeal denied this claim in a reasoned opinion. *Israel*, 2015 WL 1734307, at *2-4. If this claim was exhausted, it is denied, because this is solely a matter of state law.

### B. *Apprendi v. New Jersey*

Petitioner next contends that the resentencing court violated his rights under *Apprendi* when it relied on the same prior convictions that were found true in the original 2005 sentencing.

*Apprendi* held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). In this case the resentencing court only relied on the prior convictions, which does not offend *Apprendi*. Where "only the existence of a prior conviction is at issue," a petitioner "has no federal right to have a jury decide that question." *Davis v. Woodford*, 446 F.3d 957, 963 (9th Cir. 2006). Petitioner is not entitled to relief.

---

[2] The resentencing court noted that petitioner had only represented himself while filing writs and similar filings and had always been represented by counsel with respect to his prior convictions and had never represented himself in a prior court proceeding. RT at 22, 25.

6

### C.      *Descamps v. United States*

Petitioner also argues that his prior burglary strike convictions should be stricken in light of *Descamps*.

*Descamps* found that a burglary conviction pursuant to California Penal Code section 459 was not a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and when imposing an increased sentence based on prior convictions under the ACCA, federal sentencing courts may not apply the "modified categorical approach" where the prior conviction involved the violation of a so-called "indivisible" statute which "criminalizes a broader swath of conduct than the relevant generic offense." 133 S. Ct. at 2281-82.

The Supreme Court in *Descamps* did not announce a constitutional rule, but one of federal statutory interpretation. *Ezell v. United States*, 778 F.3d 762, 766-67 (9th Cir. 2015). The Supreme Court did not determine whether a California burglary conviction may constitute a strike under California law. California law determines what constitutes a strike. Under California law any first degree burglary in sections 459 and 460(a) is a strike conviction. Cal. Penal Code sections 1170.12(b)(1), 1192.7(c)(18). Thus, despite petitioner's argument that the resentencing court looked past his 2005 conviction and found additional facts related to the conviction, petitioner's three prior burglary convictions were for first degree burglary. CT, Ex. E at 426, 490-91, Ex. H, Ex I; Cal. Penal Code sections 459, 460(a). Therefore, under California law, they are strike convictions. The resentencing court did not perform extrajudicial fact-finding, as described in *Descamps*. The state court denial of this claim was not an unreasonable application of Supreme Court authority, and this claim is denied.

### D.      **Proposition 8 Priors**

At the resentencing hearing, petitioner's prior convictions, also known as Prop. 8 priors, prompted five year enhancements under Cal. Penal Code section 667(a). Petitioner alleges that the resentencing court erred by not addressing these enhancements at the resentencing and by not allowing him to challenge them.

Petitioner raises only a matter of state law with respect to the procedures at his resentencing. "[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998). The resentencing court noted that the resentencing hearing under California Penal Code section 1170.26 did not involve relitigating his prior convictions and the court added the section 667(a) enhancements. RT at 32, 35-37. The state courts denied these claims. Petitioner is not entitled to relief on this claim as it is purely a matter of state law.

To the extent that petitioner argues there was a violation of Double Jeopardy, any such claim is denied. The use of prior convictions to enhance sentences for subsequent convictions does not violate the Double Jeopardy Clause. *See Spencer v. Texas*, 385 U.S. 554, 560 (1967) (upholding use of prior convictions to enhance sentences for subsequent convictions even if, in a sense, defendant must relitigate in sentencing proceeding conduct for which he was already tried). Any such challenge is wholly without merit. *See Jackson v. Nelson*, 435 F.2d 553, 553 (9th Cir. 1971) (dismissing contentions of equal protection, bill of attainder, double jeopardy and ex post facto against recidivist statute as meritless).

## II. DENIAL OF COUNSEL

Petitioner appears to argue that he was denied counsel at the resentencing hearing with respect to challenging his prior convictions.

**BACKGROUND**

At the resentencing hearing, petitioner was initially represented by counsel. Petitioner had filled out a *Faretta*[3] waiver form and filed a motion to represent himself. RT at 19-20. At the hearing, the resentencing court discussed the implications of self-representation with petitioner and granted the *Farretta* motion. RT at 19-26. During the discussion, petitioner also noted that he had always been represented by counsel during

---
[3] *Faretta v. California*, 422 U.S. 806 (1975).

8

his prior cases. RT at 25.

## ANALYSIS

Petitioner's exact claim is difficult to discern. To the extent he has even exhausted a claim regarding his *Farretta* waiver, he has failed to show that the trial court erred in granting the motion. He also argues that the "state failed to properly inform Petitioner he was entitled to counsel to plead and prove his serious Santa Clara felony convictions . . . ." Amended Petition (Docket No. 6) at 16. As discussed above, petitioner's 2013 resentencing hearing did not involve relitigating his prior convictions, which were strikes, nor has he cited any law that would have allowed him to relitigate those convictions. After the 2005 jury conviction, a hearing was held where petitioner's prior convictions were proven. Answer, Ex. F at 479-504. During this hearing, petitioner was represented by counsel. To the extent petitioner argues that he was not represented by counsel at the 2005 hearing, that claim is denied as it is contradicted by the record. Because petitioner's prior conviction strikes did not need to be proven again, his claim that he was denied counsel to argue against the conviction strikes at the 2013 resentencing hearing is also denied.

To the extent that petitioner argues he was denied counsel in 1999 and 2000, when he was convicted of the prior crimes, any such claim is also denied. Petitioner fails to specifically argue he was denied counsel at those times, and he stated at the *Farretta* hearing that he had always been represented by counsel. Moreover, in a previous state habeas petition, which was denied, petitioner unsuccessfully argued that his counsel rendered ineffective assistance. Answer, Ex. K. For all these reasons, this claim is denied.

## EVIDENTIARY HEARING

Petitioner also requests an evidentiary hearing, though he does not provide a specific request or analysis. This request is denied because petitioner has not shown he is entitled to an evidentiary hearing in connection to any of these claims. *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (when state court record precludes habeas relief

under § 2254(d), district court not required to hold evidentiary hearing).

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in the ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

To obtain a COA, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard. Here, the court finds that none of the claims meet the above standard and accordingly DENIES the COA. See generally Miller-El, 537 U.S. at 327.

## CONCLUSION

1. The petition for writ of habeas corpus is **DENIED** on the merits. A certificate of appealability is **DENIED**. See Rule 11(a) of the Rules Governing Section 2254 Cases.

2. The clerk shall close the file

**IT IS SO ORDERED.**

Dated: March 29, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_02826_Israel_v_Wofford_(PSP)\16-cv-02826-PJH-hc.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX L. ISRAEL,<br><br>    Plaintiff,<br><br>    v.<br><br>C. WOFFORD,<br><br>    Defendant. | Case No.  16-cv-02826-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Max L. Israel ID: P-38715
E2-220
1 Kings Way
Avenal, CA 93204

Dated: March 29, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

11